IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**RICHARD WINNING,**

    **Plaintiff,**

**v.**                                     **CIVIL ACTION NO. 2:11cv60**
                                          **(Judge Bailey)**

**H.C.C. MEDICAL UNIT STAFF,**
**TRISTAN TENNY,**
**DR. DAVID PROCTOR**

    **Defendant.**

## REPORT AND RECOMMENDATION

On August 10, 2011, the plaintiff, Richard Winning, who is a state prisoner, filed a complaint pursuant to 42 U.S.C. §1983. On August 11, 2011, an order was entered granting the plaintiff's Application to Proceed Without Prepayment of Costs. This matter is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915(e)

### I. THE COMPLAINT

The plaintiff, who is currently incarcerated in Mount Olive Correctional Center, has filed a complaint against the above-named defendants complaining that he lost his job at the Huttonsville Correctional Center because medical staff would not give him a "layin" even though he had a staph infection. In addition, the plaintiff makes a generalized statement that individuals with staph infections must live with the general population which puts other inmates at risk of contracting staph. For relief, the plaintiff seeks an order to "get a medical place for us inmates that have staff and other stuff a place to stay so wont be around other inmate mybe [sic] open the 3 floor back up

so they can put us there and a damage to my right leg where I have staph $2000 thats [sic] all." (Dckt. # 1, p. 5.)

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Complaints which are frivolous or malicious, must be dismissed. 28 U.S.C. § 1915(e).

A complaint is frivolous if it is without arguable merit either in law or fact. Neitzke v. Williams, 490 U.S. 319, 325. However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint filed *in forma pauperis* which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous. See Neitzke, 490 U.S. at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976). As discussed more fully below, the plaintiff's request for damages against the defendant has no chance for success. Therefore, the undersigned recommends that this case be dismissed.

## III. ANALYSIS

The plaintiff brings this action pursuant to 42 U.S.C. §1983 which provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be

2

> subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

Therefore, in order to state a claim under 42 U.S.C. § 1983, the plaintiff must demonstrate that a person acting under color of state law deprived him of the rights guaranteed by the Constitution or federal laws. Rendall-Baker v. Kohn, 547 U.S. 830, 838 (1982).

In his complaint, the plaintiff identifies no right guaranteed by the Constitution or federal laws which has been violated. To the extent that the plaintiff's complaint could be read as alleging a violation of his due process rights as the result of his job loss, the same clearly fails.

The weight of authority is that there is no constitutional right supporting any claim that a prisoner has a right to any job. See Tennant v. Rubenstein, 2011 WL 3812625 (N.D. W. Va. August 26, 2011)(inmate not entitled to bring suit for being "fired" from a prison library job); see also Williams v. Farrior, 344 F. Supp. 2d 898 (E.D. Va. 2004)(no due process protection against the threatened loss of a prison job or facility placement for failure to comply with the Inmate Financial Responsibility Program requirements). "The Constitution does not create a property or liberty interest in prison employment and any such interest must be created by state law by language of an unmistakable mandatory character." Newsom v. Norris, 888 F.2d 371, 374 (6th Cir. 1989); See also Gill v. Mooney, 824 F.2d 192 (2d Cir. 1987)(no constitutional right to a prison job). Prison administrators may assign inmates jobs and wages at their sole discretion. Altizer v. Paderick, 569 F.2d 812 (4th Cir. 1978); Chapman v. Plagement, 417 F. Supp. 906 (W.D. Va. 1976). Because the

3

Constitution and federal law do not create a property right for inmates in a job, likewise, they do not create a property right for inmates to earn wages. Williams v. Meese, 926 F.2d 994, 997 (10th Cir. 1991); James v. Quinlan, 866 F.2d 627, 629-30 (3d Cir. 1989); Garza v. Miller, 688 F.2d 480, 485 (7th Cir. 1982). See also, Gill v. Mooney, 824 F.2d 192, 194 (2d Cir. 1987)(no constitutional right to a prison job); Adams v. James, 784, F.2d 1077, 1079 (11th Cir. 1986)(same); Lyon v. Farrier, 727 F.2d 766, 769 (8th Cir. 1984)(same); Manning v. Lockhart, 623 F.2d 536, 538 (8th Cir. 1980); Sigler v. Lowrie, 404 F.2d 659 (8th Cir. 1968); Woodall v. Partilla, 581 F. Supp. 1066 (N.D. Ill. 1984); Anderson v. Hascall, 566 F. Supp. 1492, 1496 (D. Minn. 1983). Accordingly, because plaintiff cannot show that the defendants violated any right secured by the Constitution or laws of the United States in "causing him to be fired," he has failed to state a claim upon which relief can be granted.

Moreover, liability in a civil rights case is "personal, based upon each defendant's own constitutional violations." Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001)(internal citation omitted). Therefore, in order to establish liability, the plaintiff must specify the acts taken by each defendant which violate his constitutional rights. See Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994); Colburn v. Upper Darby Township, 838 F.2d 663, 666 (3d Cir. 1988). Some sort of personal involvement on the part of the defendant and a causal connection to the harm alleged must be shown. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986). Here, the plaintiff merely names Tristan Tenny and Dr. David Proctor as party defendants and never mentions them in the body of the complaint. Accordingly, the plaintiff has failed to state any claim, let alone a valid claim, against either named defendant.

### IV. **RECOMMENDATION**

In consideration of the foregoing, it is the undersigned's recommendation that the complaint (Doc. 1) be **DISMISSED WITH PREJUDICE** under 28 U.S.C. §§ 1915A and 1915(e) for failure to state a claim upon which relief can be granted.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may filed with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.[1]

The Clerk of Court is directed to mail a copy of this Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet..

**DATED**: March 7, 2012

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE

---

[1] 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).